IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NATHAN TAYLOR | * | |
| Plaintiff | * | |
| v | * | Civil Action No.ELH-13-1296 |
| BOARD OF EDUCATION, BALTIMORE CITY PUBLIC SCHOOL SYSTEM, and BROWN v BROWN BOARD OF EDUCATION | * * * | |
| Defendants | * | |

***

## MEMORANDUM

The above-captioned case was filed on June 5, 2013, together with a motion for leave to proceed in forma pauperis. ECF 2. Because he appears to be indigent, plaintiff's motion shall be granted.

The complaint fails to state a claim upon which relief may be granted and must be dismissed. The substance of the complaint consists of bald allegations of "fraud," "prejudice" and "discrimination" without supporting facts or allegations against specific parties allegedly responsible for actual harm caused to plaintiff. ECF 1 at p. 2. In addition, plaintiff includes a rambling diatribe consisting of random references to persons such as Wesley Pipes, Brian Pumper, Aurora Julie, and Bernard Madoff, the relevance of which is indecipherable. *Id*. at p. 4.

The complaint does not comply with the requirements of Fed. R. Civ. Proc. 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Moreover, Rule 8(e)(1) requires that each averment of a pleading be "simple, concise, and direct." A pleading must give the court and defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swirkiewicz v. Sorema N.A.*, 534 U.S. 506, 512

(2002) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988).

Here, the complaint is not a "short and plain statement," nor is it "concise and direct." And, the convoluted narratives, together with the unsubstantiated conclusions, render the complaint incomprehensible. As such it does not provide this court or any potential defendants with "fair notice" of the claims and facts upon which they are based.

A separate Order dismissing the complaint and granting plaintiff's motion to proceed in forma pauperis, follows.

<u>June 14, 2013</u>  /s/
Date  Ellen L. Hollander
 United States District Judge